## PARDON ALMY & others *vs.* FRANCIS GRINNELL.

A. placed a seine reel on the land of G., near to a river, and G. gave him reasonable notice to remove it, and, on his neglect to remove it, cut it down and shoved it towards the river, and it floated off. *Held*, that G.'s acts were justifiable, and not a trespass upon A.

TRESPASS for breaking, cutting down and destroying a seine reel, the property of the plaintiffs.

At the trial in the court of common pleas, before *Colby*, J. it appeared that the reel stood on the defendant's land; that the defendant gave notice to the plaintiffs to remove the reel, and, on the same day on which the notice was given, directed his servant to remove the reel, which stood on the shore of a small river, at high water mark; that the reel was removed, under the superintendence of the defendant, in the following manner: The defendant's servant dug around the braces which supported the posts, for about twenty minutes, and then, not finding the bottom of the posts, cut them off, and the reel fell towards the water, breaking in its lighter parts, as it fell. It was then shoved, by the defendant and his servant, towards the water, and floated off. It was admitted

and proved, that the reel might have been removed carefully, and without injury, from the defendant's land, by four men, in the space of three hours.

There was no evidence that the plaintiffs had any land upon which the reel could have been placed by the defendant, or that they ever offered to pay any part of the expenses of such removal.

The jury were instructed, that if the defendant gave reasonable notice to the plaintiffs to remove the reel from his premises, and the plaintiffs refused or neglected so to do, the defendant was justified in removing it in the manner in which the evidence showed that it had been done by him.

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions to the foregoing instructions.

This case was argued at Boston, in January 1847, before all the judges.

*Page*, for the plaintiffs.

*Clifford*, for the defendant.

HUBBARD, J.    The reel stood on the defendant's land, and the verdict finds that he gave reasonable notice to the plaintiffs to remove it, which they refused or neglected to do. The defendant then removed it, by cutting away the posts, and shoving it off into the river.

The injury in fact complained of is the *manner* of removing the reel.    The plaintiffs' counsel contends that the defendant was bound to remove it with reasonable care, and that, not doing so, he became a trespasser *ab initio*.

The facts which are stated are few ; and we do not feel warranted in assuming facts, favorable to the plaintiffs, which are not proved.    It does not appear that there was any license to put the reel on the defendant's land.    But if there was, it was revoked by the defendant's direction to remove it.    The omission to remove it was an injury to the defendant, and he had a right to remove it ; and he is not to be held to take better care of the plaintiffs' property, than the plaintiffs themselves, who neglected it.    The defendant was not their bailee, nor bound to use ordinary care.

It does not appear that the plaintiffs had any land to which the reel could have been removed ; and the defendant might not have been justified in removing it into the highway. And as to employing four men for three hours, to remove it carefully, the law, we think, imposed no such obligation or duty on the defendant; nor would the plaintiffs, without request on their part, have been bound to pay the expense of such removal.

In the case of *Forsdick* v. *Collins*, 1 Stark. R. 173, which was trover for the value of a block of Portland stone, the facts were, that the stone was put by the plaintiff on land adjoining some shells of houses which he had purchased ; that the land afterwards came into the possession of the defendant, and that he refused to permit the plaintiff to carry the stone away, and afterwards removed it himself to a considerable distance. Lord Ellenborough held that the defendant was not justified in removing the stone to a distance ; and that, in an action of trespass by the owner, the defendant, in his justification, must have alleged that he removed it to some adjacent place, for the use of the owner.

In that case, the plaintiff requested permission to remove the stone ; which was refused by the defendant. The plaintiff could not go upon the land without incurring the risk of committing a trespass; and the stone being the property of the plaintiff, and placed on the land before the defendant came into possession of it, the defendant should either have permitted him to remove it, or himself have removed it to a place where the plaintiff could get it. But in the present case, the plaintiffs refused to remove the reel from the defendant's land. We think, therefore, that the defendant is not liable for cutting down the posts and letting the reel float down the river. He had a right to clear his land of it, and is not a trespasser upon the plaintiffs by so doing.

*Exceptions overruled.*